UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | ) | Case No. 2:16-cv-02211-JCM-NJK |
|         Plaintiff(s), | ) ) | ORDER |
| v. | ) ) | (Docket No. 27) |
| RIDGEVIEW HOMEOWNERS ASSOCIATION, et al., | ) ) ) | |
|         Defendant(s). | ) ) | |

Pending before the Court is Defendant A Scimitar, LLC's motion for extension of time to serve the summons and third-party complaint on third-party defendants Alex and Sonya Diaz, and for leave to serve by publication. Docket No. 27. The Court finds this motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is **GRANTED** in part and **DENIED** in part.

**I.      Motion to Extend Time for Service**

Where good cause is shown, the time for serving the complaint is extended for an appropriate period. *See* Fed. R. Civ. P. 4(m). The motion establishes sufficient cause to extend the time for effectuating service by 60 days.

**II.     Motion for Leave to Serve by Publication**

Plaintiff seeks leave to serve the Diazes by publication. Service by publication implicates a defendant's fundamental due process rights. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950); *Price v. Dunn*, 787 P.2d 785, 787 (Nev. 1990). As a result, service by publication is generally disfavored. *See, e.g.*, *Trustees of the Nev. Resort Assoc.–Int'l*

*Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

The Federal Rules of Civil Procedure provide for service pursuant to the law of the state in which the district court is located, or in which service is made. *See, e.g.*, Fed. R. Civ. P. 4(e)(1). Pursuant to Rule 4 of the Nevada Rules of Civil Procedure, parties are generally required to personally serve summons and the complaint upon defendants. Nevada law also permits a party to obtain leave for service by publication when the opposing party, *inter alia* "cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons." Nev. R. Civ. P. 4(e)(1). There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. *See Price*, 787 P.2d at 786-87; *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

In this case, Defendant's process server has made numerous efforts to locate the Diazes, and has only discovered one possible address. *See* Docket No. 27-1. However, it appears that Defendant has not even attempted to serve the Diazes at that address due to its process server's belief that the address is "chronologically incongruent." *See, e.g.*, *id.* at 3. Additionally, Defendant submits that its process server submitted inquiries to the United States Postmaster regarding the Diazes' address, but has not yet received a response. *See, e.g.*, *id.* at 8. However, Defendant does not state when those inquiries were submitted. *See id.* Given the disfavored nature of service by publication and the due process rights involved, the Court finds the efforts identified insufficient to show that service by publication should be allowed at this time.

### III.   Conclusion

For the reasons discussed above, the Court **GRANTS** in part **and DENIES** in part Defendant's motion. Docket No. 27. The Court **GRANTS** the motion to the extent that it seeks an extension of the deadline to serve third-party defendants Alex and Sonya Diaz. The deadline to serve

the Diazes is extended by 60 days, until March 13, 2017.[1]  The Court **DENIES** the motion without prejudice to the extent that it asks the Court to allow service by publication.

IT IS SO ORDERED.

DATED: February 13, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] The Court reminds Defendant that Federal Rule of Civil Procedure 4(m) was amended in 2015.  Thus, the initial deadline for service expired on January 12, 2017, not February 11, 2017.  *See* Fed. R. Civ. P. 4(m); Docket No. 12.