UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERCA, N.A., | Case No. 2:16-CV-2211 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| RIDGEVIEW HOMEOWNERS ASSOCIATION, INC., et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Bank of America, N.A.'s ("BANA") motion for reconsideration. (ECF No. 61). Defendants Ridgeview Homeowners Association, Inc. ("Ridgeview") and A Scimitar LLC ("Scimitar") filed separate responses (ECF Nos. 70, 71), to which BANA replied (ECF No. 73).

**I. Facts**

This action arises from a dispute over real property located at 1927 Scimitar Drive #32, Henderson, Nevada 89011 ("the property"). (ECF No. 1).

Alex and Sonya Diaz ("the borrowers") purchased the property on or about June 26, 2006. (ECF No. 37-1). The borrowers financed the purchase with a loan in the amount of $140,000.00 from BANA. (ECF No. 37-2). BANA secured the loan with a deed of trust, which names BANA as the lender and beneficiary, and PRLAP, Inc. as the trustee. *Id*. BANA currently holds all beneficial interest in the deed of trust. *See* (ECF No. 37-5).

On July 12, 2011, Ridgeview, through its agent defendant Nevada Association Services, Inc. ("NAS"), recorded a notice of delinquent assessment lien ("the lien") against the property for the borrowers' failure to pay Ridgeview in the amount of $1,753.80. (ECF No. 37-6). On August

**James C. Mahan**
**U.S. District Judge**

26, 2011, Ridgeview recorded a notice of default and election to sell pursuant to the lien, stating that the amount due was $2,883.60 as of August 23, 2011. (ECF No. 37-7).

In an attempt to exercise its right of redemption, BANA requested from Ridgeview the superpriority amount of the lien. (ECF No. 37-10). Ridgeview did not reply to BANA's request. *Id*. BANA, thereby, used a payoff ledger for a different property in the same development to calculate the superpriority amount as $1,350.00, the sum of nine months of assessments. *Id*. On December 1, 2011, BANA sent a letter and a check in that amount to Ridgeview. *Id*. The letter explained that the check was the sum of nine months of common assessments and intended to pay off the superpriority portion of the lien. *Id*. Ridgeview rejected the check without explanation. *See id*.

On March 19, 2014, Ridgeview recorded a notice of foreclosure sale against the property. (ECF No. 37-9). On July 25, 2014, Ridgeview sold the property in a nonjudicial foreclosure sale to Scimitar in exchange for $11,100.00. *See* (ECF No. 37-11). On July 29, 2014, Ridgeview recorded the deed of foreclosure with the Clark County recorder's office. *Id*.

On September 20, 2016, BANA initiated this action, asserting four causes of action: (1) quiet title/declaratory judgment against all defendants; (2) breach of NRS 116.1113 against Ridgeview and NAS; (3) wrongful foreclosure against Ridgeview and NAS; and (4) injunctive relief against Scimitar. (ECF No. 1). On October 14, 2016, Scimitar filed counterclaims against BANA for quiet title and declaratory relief. (ECF No. 12).

On May 8, 2018, the court granted Ridgeview and Scimitar's motions for summary judgment (ECF Nos. 36, 38), holding in part that BANA's attempted tender was insufficient to extinguish the superpriority portion of the lien. (ECF No. 55). On August 22, 2018, BANA filed a notice of voluntary dismissal without prejudice of its claims against NAS. (ECF No. 58). On that same day, BANA appealed. (ECF No. 59).

On October 5, 2018, BANA filed a motion to amend its voluntary dismissal pursuant to Rule 60(a). (ECF No. 62). The court denied BANA's motion as the pending appeal divested the court of jurisdiction to adjudicate BANA's motion. (ECF No. 63). On December 19, 2018, the Ninth Circuit remanded for the limited purpose of considering BANA's Rule 60(a) request. (ECF

James C. Mahan
U.S. District Judge

- 2 -

No. 64). Nine days later, BANA filed a motion for reconsideration requesting that the court (1) amend the notice of voluntary dismissal pursuant to Rule 60(a) and (2) issue an indicative ruling pursuant to Rule 62.1(a)(3). (ECF No. 65).

## II. Legal Standard

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 60(b).

Rule 60(b) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880.

## III. Discussion

BANA requests that the court (1) amend the notice of voluntary dismissal pursuant to Rule 60(a) and (2) issue an indicative ruling pursuant to Rule 62.1(a)(3). (ECF No. 65). The court addresses each in turn.

*a. Rule 60(a)*

Federal Rule of Civil Procedure 60(a) allows courts to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). A clerical error is "where what was spoken, written or recorded is not what the court intended to speak, write or record." *In re Jee*, 799 F.2d 532, 535 (9th Cir. 1986). A court may correct errors of this type even when a clerk or magistrate judge did not commit the error. *Id*.

BANA represents that it filed a notice of dismissal without prejudice of its claims against NAS as a mistake. (ECF Nos. 65). BANA does not intend to pursue its claims against NAS and requests that the court correct the record so that the voluntary dismissal is with prejudice. *Id*. Good cause appearing, the court will grant BANA's motion as it pertains to its Rule 60(a) request.

  *b. Indicative ruling*

As a general rule, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Nat. Resources Def. Council v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). As the Ninth Circuit has explained, the purpose of this rule "is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously." *Id*.

Where "a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending," Federal Rule of Civil Procedure 62.1 allows a district court to "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). Pursuant to Rule 62.1(a)(3), the court now considers U.S. Bank's motion for the limited purpose of issuing an indicative ruling.

BANA argues that, in light of the Nevada Supreme Court's holding in *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 427 P3d 113 (Nev. 2018) ("*SFR III*"), BANA tendered the superpriority portion of the lien and prevented the foreclosure sale from extinguishing the deed of trust. (ECF No. 65). The court agrees.

Under NRS 116.31166(1), the holder of a first deed of trust may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing the deed of trust. *See* Nev. Rev. Stat. § 116.31166(1); *see also SFR Investments*, 334 P.3d at 414 ("But as a junior lienholder, BOA could have paid off the SHHOA lien to avert loss of its security . . ."). The superpriority portion of the lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges," while the subpriority piece consists of "all other

1  HOA fees or assessments." *SFR Investments*, 334 P.3d at 411; *Horizons at Seven Hills Homeowners Association v. Ikon Holdings, LLC*, 373 P.3d 66 (Nev. 2016).

In *SFR III*, the Nevada Supreme Court held that a foreclosure sale did not extinguish a first deed of trust when Bank of America, the holder of the deed of trust, used the HOA's representations to calculate and tender the sum of nine months of delinquent assessments. *SFR III*, 427 P.3d at 121. Although the superpriority portion of an HOA lien typically includes maintenance and nuisance abatement charges, the court held that "Bank of America tendered the correct amount to satisfy the superpriority portion of the lien . . . [because] the HOA did not indicate that the property had any charges for maintenance or nuisance abatement." *Id*. at 118.

As in *SFR III*, Ridgeview has not indicated that the property had any charges for maintenance or nuisance abatement. *See SFR III*, 427 P.3d at 118. Thus, when BANA sent a check for nine months of assessments to Ridgeview, it properly tendered the superpriority portion of the lien. *See* (ECF No. 37-10). Indeed, it makes no difference that BANA relied on a ledger from a different property subject to the same HOA common assessments to calculate the amount of the superpriority portion of the lien, as BANA tendered an amount that undisputedly represented nine months of assessments. *See SFR III*, 427 P.3d at 118; s*ee also Tyrone & In-Ching, LLC v. U.S. Bank, N.A.*, 430 P.3d 533 (Nev. 2018); *see also NV Eagles, LLC v. Christiana Trust*, 429 P.3d 1254 (Nev. 2018).

Accordingly, the nonjudicial foreclosure sale did not extinguish the deed of trust. *See SFR III*, 427 P.3d at 121 ("It follows that after a valid tender of the superpriority portion of an HOA lien, a foreclosure sale . . . cannot extinguish the first deed of trust").

**IV.   Conclusion**

The court will correct BANA's notice of voluntary dismissal to reflect that BANA dismissed NAS with prejudice. Further, the court will grant U.S. Bank's motion for reconsideration upon remand.

. . .

. . .

. . .

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that BANA's motion for reconsideration (ECF No. 65) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that the court's October 26, 2018, order (ECF No. 63) be, and the same hereby is, VACATED.

The clerk shall adjust the docket to reflect voluntary dismissal with prejudice as to NAS and close the case.

DATED July 26, 2019.

_____
UNITED STATES DISTRICT JUDGE